**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1731**

KENNETH S. BOLDEN,

              Plaintiff – Appellant,

         v.

BRENT RUSHING; JAMES MATTHEWS CULBERTON; SIMPSONVILLE POLICE
DEPARTMENT, City of,

              Defendants – Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  G. Ross Anderson, Jr., Senior
District Judge. (6:07-cv-02985-GRA)

Submitted:  November 23, 2010        Decided:  January 14, 2011

Before MOTZ, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Hemphill P. Pride, II, Columbia, South Carolina; Katherine
Freeman, KATHERINE FREEMAN, PLLC, Charlotte, North Carolina, for
Appellant.  David L. Morrison, MORRISON LAW FIRM, LLC, Columbia,
South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth S. Bolden appeals the district court's orders granting summary judgment in favor of Defendants and denying his motion to alter or amend judgment in his action under 42 U.S.C. § 1983 (2006). Bolden asserts that the district court erred in granting summary judgment to Defendants on his claim that they used excessive force when arresting him.[*] We affirm.

We review de novo the district court's adverse grant of summary judgment and construe the facts in the light most favorable to Bolden, the non-moving party. Rowzie v. Allstate Ins. Co., 556 F.3d 165, 167 (4th Cir. 2009). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Claims of excessive force during arrest are governed by the Fourth Amendment and are analyzed under an "objective

---

[*] Bolden fails to brief, and has therefore abandoned, his claims for negligent hiring and training, unlawful search, seizure, and arrest, and a violation of his right to be free from "hostile" and "brutal" treatment. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999); Canady v. Crestar Mortg. Corp., 109 F.3d 969, 973-74 (4th Cir. 1997).

reasonableness" standard. Graham v. Connor, 490 U.S. 386, 388, 395-96, 399 (1989). "Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Id. at 396. Determining whether the force used was reasonable requires that the court weigh "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. (internal quotation marks omitted).

Factors considered include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he [wa]s actively resisting arrest or attempting to evade arrest by flight." Id. "[T]he question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397 (internal quotation marks omitted). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. at 396.

We have reviewed the record and the parties' briefs and agree with the district court that, when taken in the light most favorable to Bolden, the facts do not establish that the

3

force used in effecting his arrest was excessive. Bolden actively and repeatedly resisted Defendants' authority and their efforts to arrest him; accordingly, a degree of force beyond Defendants' verbal commands and efforts to restrain Bolden's hands was necessary to effect the arrest. We further conclude that Bolden's assertions that the district court improperly resolved an issue of material fact and implicitly determined that his conviction in state court rendered Defendants' conduct objectively reasonable are without merit. Consequently, we conclude that the district court did not err in granting summary judgment in favor of Defendants and in denying Bolden's motion to alter or amend the judgment.

We therefore affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4